UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER CULBREATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-0749 WL |
| ) | |
| KRISTINE FLOREA. *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

Christopher Culbreath, a prisoner confined at the LaGrange County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that the Elkhart Police Department, the Elkhart Jail, Judge David Bonfiglio, and Deputy Prosecutor Kristine Florea violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Culbreath brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Culbreath alleges that Elkhart Police officers arrested him on March 1, 2005. He asserts that the Elkhart Police Department computer showed him as having a prior arrest and conviction, which he says never happened. He alleges that the prosecution presented the false prior conviction to the court and that when Judge Bonfiglio sentenced him he took the prior conviction into account.

Mr. Culbreath asserts that the sentence he is now serving was improperly enhanced by an allegedly false prior conviction. But if, as here, the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This court may not award Mr. Culbreath damages for being improperly sentenced without concluding that he was improperly sentenced. Accordingly, *Heck v. Humphrey* requires that Mr. Culbreath first obtain a finding or judgment setting aside his sentence.

Mr. Culbreath names the Elkhart Police Department as a defendant. But under Indiana law, a "police department" has no separate corporate existence and is therefore not a suable entity. *Jones v. Bowman*, 694 F.Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through with the government fulfills its policy functions and is not a proper party defendant).

If Mr. Culbreath had named the city of Elkhart as a defendant, the claim would be an official capacity claim. Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). ("Plaintiff must show that municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Mr. Culbreath alleges that there was a mistake in his computer records, showing a bogus past conviction. But even if the computer record was wrong, nothing in his complaint suggests that the record was incorrect as result of a policy established by the city or as a result of a deliberate policy choice by city officials. Accordingly, even had he

3

named the city, rather than its police department, he has not stated an official capacity damage claim against the city.

Mr. Culbreath names the Elkhart County Jail, where he was held after he was arrested, as a defendant. But he may not proceed against the Elkhart County Jail in this action. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." A jail is a building, and "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). In any event, all the jail and its officials did was hold Mr. Culbreath for the offense he was arrested for on March 1, 2005, which has no connection with a claim that his prior arrest and conviction record was wrong.

Mr. Culbreath names Judge David Bonfiglio as a defendant, asserting that he took the allegedly bogus conviction into account when he sentenced Mr. Culbreath for his current offense. Judge Bonfiglio is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Judge Bonfiglio had the jurisdiction to sentence Mr. Culbreath after he was convicted of his current offense. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Bonfiglio is entitled to judicial immunity against Mr. Culbreath's damage claims.

Mr. Culbreath sues Prosecutor Kristine Florea, alleging that she presented the State's case against him and was involved in the sentencing. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting

4

the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431. This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Culbreath asserts in his complaint constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, Ms. Florea is entitled to prosecutorial immunity.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b).

SO ORDERED.

ENTERED: February 5, 2007

 s/William C. Lee
William C. Lee, Judge
United States District Court